IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANTONIO STEELE,

    Petitioner,

v.                                         Civil Action No. 5:19CV244
                                                            (STAMP)

R. HUDGINS,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE,
OVERRULING PETITIONER'S OBJECTIONS AND
DISMISSING CIVIL ACTION WITHOUT PREJUDICE**

I. Background

The pro se[1] petitioner, Antonio Steele, a federal inmate designated to FCI Gilmer in Glenville, West Virginia, filed a petition for habeas corpus under 28 U.S.C. § 2241. ECF Nos. 1 and 16. In the petition, the petitioner challenges the validity of his sentence from the United States District Court for the Southern District of Ohio. ECF No. 1 at 2; ECF No. 16 at 2. The petitioner contends that Rehaif v. United States, 139 S. Ct. 2191 (2019), "modifies the elements of the offense(s) that [he] was convicted of to the point that the facts stipulated to in the plea agreement no longer constitute a violation of federal law." ECF No. 1-1 at 5-6; ECF No. 16-1 at 5-6. For relief, the petitioner requests that this

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

Court "vacate [his] conviction and discharge [him] from custody." ECF No. 1 at 8; ECF No. 16 at 8.

United States Magistrate Judge James P. Mazzone entered a report and recommendation (ECF No. 22) and the petitioner timely filed objections (ECF No. 24). In his objections, the petitioner maintains that Rehaif provides a basis for this Court to vacate his conviction and sentence. Id. at 1. The petitioner contends that the magistrate judge misapplied In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). Id. at 2-3. The petitioner also states that the magistrate judge erroneously limited the applicability of Rehaif to cases that went to trial. Id. at 4.

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in its entirety.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which an objection is timely made. Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which the petitioner objected.

## III. Discussion

This Court has conducted a de novo review of all portions of the magistrate judge's report and recommendation. In this case,

for substantially the same reasons stated by the magistrate judge, this Court finds that the petitioner is not entitled to application of the savings clause under 28 U.S.C. § 2255, because the crime for which the petitioner was convicted remains a criminal offense. See ECF No. 22 at 5. Therefore, the petitioner cannot satisfy the second element of In re Jones, 226 F.3d at 333-34, namely that subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed to not be criminal. See id. Specifically, Rehaif does not apply in this civil action since unlike the facts in Rehaif which occurred in the context of a jury trial, here, the petitioner pleaded guilty to the relevant charge. See id. at 6-7. "A knowing, voluntary, and intelligent plea to an offense conclusively establishes the elements of the offense and the material facts necessary to support the conviction." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993). As the magistrate judge properly found, since the petitioner fails to meet the requirements set out in In re Jones, and is unable to satisfy the § 2255 savings clause to seek relief under § 2241, the petitioner's petition (ECF No. 1) must be denied and dismissed without prejudice for lack of jurisdiction. See id. at 7. Accordingly, this Court upholds the magistrate judge's recommendation and overrules the petitioner's objections.

IV. Conclusion

For the reasons discussed above, the report and recommendation of the magistrate judge (ECF No. 22) is hereby AFFIRMED and ADOPTED in its entirety and the petitioner's objections (ECF No. 24) are OVERRULED. The petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) is DENIED and DISMISSED WITHOUT PREJUDICE.

It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the pro se petitioner by certified mail. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: November 7, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE